IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.

05 SEP 28 PM 3: 01

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

TONY L. SHERROD,

    Plaintiff,

vs.                              No. 04-2796-Ma/An

OLIVER WOOD, et al.,

    Defendants.

---

ORDER DENYING MOTION FOR RECONSIDERATION

---

On August 11, 2003, plaintiff Tony L. Sherrod, Bureau of Prisons inmate registration number 08126-018, an inmate at the Federal Correctional Complex in Coleman, Florida, filed a <u>pro se</u> complaint in the United States District Court for the Middle District of Florida against the United States Department of Justice pursuant to 42 U.S.C. § 1983. Plaintiff paid the civil filing fee. On November 3, 2003, the Justice Department filed a motion to dismiss or, in the alternative, for summary judgment. Plaintiff filed a response on December 1, 2003 that, <u>inter alia</u>, asked the Court to construe his complaint as arising under <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388 (1971), and to add six individual defendants, all of whom were employed at the Federal Correctional Institution in Memphis ("FCI-Memphis") in 1995. The Department of Justice filed a reply on December 16, 2003. District Judge William Terrell Hodges

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on  9-29-05

17

issued an order on September 23, 2004 that, <u>inter alia</u>, construed the complaint as a <u>Bivens</u> action pursuant to <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), terminated the Department of Justice as a party, substituted six Memphis defendants, and transferred the action to this district, where it was docketed on October 5, 2004. The Court issued an order on February 9, 2005 that dismissed the complaint, in its entirety, pursuant to 42 U.S.C. § 1997e(a) and 28 U.S.C. § 1915A(b)(1). Judgment was entered on February 15, 2005. On February 16, 2005, plaintiff filed a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e).

A party should be afforded relief from a judgment pursuant to Fed. R. Civ. P. 59(e) under only limited circumstances:

> [R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. There are four basic grounds upon which a Rule 59(e) motion may be granted. First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice. . . . Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.
>
> The Rule 59(e) motion may not be used to relitigate old matters, or present evidence that could have been raised prior to the entry of judgment. Also, amendment of the judgment will be denied if it would serve no useful purpose.

11 Charles Alan Wright <u>et al.</u>, <u>Federal Practice and Procedure</u> § 2810.1 (2d ed. 1995) (footnotes omitted); <u>see</u> <u>Nagalingam v. Wilson, Sowards, Bowling & Costanzo</u>, No. 00-5453, 2001 WL 493392, at *2 (6th Cir. May 1, 2001).

2

In this case, the plaintiff has not established any of the four grounds that would warrant reconsideration of this Court's previous dismissal order. Indeed, it is difficult to discern the precise basis for the plaintiff's motion, as his motion is drafted in a dense jargon that makes only tangential reference to the reasons why the case was dismissed.

With respect to the failure to exhaust, plaintiff assumes that he exhausted his claims against the six individual defendants when he obtained a writ of habeas corpus vacating his disciplinary conviction. See Plaintiff's Motion Requesting Reconsideration of Court's Order and Judgment Pursuant to Federal Rule of Civil Procedure 59(e), filed Feb. 28, 2005 ("P. Mot."), at 1; see also id. at 4. The Court's previous order rejected that position, stating as follows:

> In this case, the plaintiff is not suing the FCI-Memphis employees for their actions in 1995, but for the indirect consequences of their actions in 2001. Although the plaintiff succeeded in invalidating the disciplinary conviction some months after the events at issue in this action, the plaintiff has not submitted any copies of grievances and the text of the complaint is silent about any efforts by this plaintiff to exhaust any claims against the FCI-Memphis employees arising from his placement in the SHU in Coleman. . . Indeed, the complaint does not mention any effort by this plaintiff to exhaust any claim arising from this placement in the SHU at Coleman.

02/09/05 Order at 5-6 (citations omitted).

Plaintiff also attempts to shift the focus of the lawsuit back to the allegedly tortious acts committed by the individual defendants in 1995. P. Mot. at 3, 4. The complaint filed by this plaintiff is not a model of clarity. However, to the extent the

3

plaintiff seeks damages from the individual defendants because of his transfer to the United States Penitentiary in Lompoc, California and his treatment in that prison, Compl., ¶¶ 7-8, his transfer to the United States Penitentiary in Beaumont, Texas and his treatment in that prison, id., ¶ 8, or his placement in the SHU in Coleman, id., ¶ 11, those claims are subject to dismissal pursuant to 42 U.S.C. § 1997e(a) for the reasons stated in the previous order.[1]

Moreover, the previous order dismissed each and every one of the plaintiff's claims as time barred. 02/09/05 Order at 7-8. This conclusion is not altered by the plaintiff's attempt to shift the focus to events in Memphis in 1995 or to other collateral effects of the disciplinary conviction. The plaintiff's discussion of the statute of limitations issue is barely comprehensible. See P. Mot. at 7; see also id. at 13. The fact that the case was transferred to this district without addressing the statute of limitations issue raised by the previous defendant does not preclude this Court from considering the issue and dismissing the case on that basis.

---

[1] To the extent the plaintiff seeks damages from the six individual defendants arising only out of their conduct in 1995, 42 U.S.C. § 1997e(a) is inapplicable because it had not been enacted. However, a court must dismiss any complaint that contains both exhausted and unexhausted claims. Jones Bey v. Johnson, 407 F.3d 801, 805-09 (6th Cir. 2005).

4

For all the foregoing reasons, the Court DENIES the plaintiff's motion for reconsideration.

IT IS SO ORDERED this 28th day of September, 2005.

/s/ Samuel H. Mays, Jr.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 17 in case 2:04-CV-02796 was distributed by fax, mail, or direct printing on September 29, 2005 to the parties listed.

---

Tony L. Sherrod
08126-018
C/O 1414 E. Seneca Avenue
Tampa, FL 33612

Honorable Samuel Mays
US DISTRICT COURT